# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| DENNIS BEST, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. 2:99-CR-189 |
| | ) | (2:05-CV-235) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the Court on a motion titled "Fraud on the Court Under Rule 60 d 3" filed by Petitioner, Dennis Best, on June 16, 2010. For the reasons set forth below, the motion is **DISMISSED** for lack of jurisdiction. The Clerk is **ORDERED** to send a copy of this order to Dennis Best, Prisoner #06139-027, Big Sandy USP, Inmate Mail/Parcels, P.O. Box 2068, Inez, KY 41224, or his most recent address.

BACKGROUND

In February of 2000, Petitioner, Dennis Best ("Best"), was convicted by a jury on Count 1 of the indictment pending against him, which charged him with conspiracy to distribute crack cocaine. The jury found Best not guilty of Count 2 of the indictment, which charged him with possession with the intent to distribute in excess

of five grams of crack cocaine. This Court found Best to be a career offender, and sentenced him to a 360 month term of imprisonment.

Best filed a direct appeal with the Seventh Circuit, and on May 10, 2001, the Court of Appeals affirmed the conviction. *See United States v. Best*, 250 F.3d 1084 (7th Cir. 2001). Best also filed a petition for certiorari, which was denied on October 10, 2001. *See Best v. United States*, 534 U.S. 924 (2001).

On February 22, 2002, Best filed a Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. In that petition, Best attacked his lawyer's performance on numerous grounds. Before this Court ruled on Best's 2255 petition, he filed a motion for a new trial and for an evidentiary hearing, in which he challenged the validity of a search warrant issued by Judge Julie Cantrell. This Court denied the section 2255 petition on April 1, 2003, and the motion for new trial and evidentiary hearing on April 7, 2003. Best filed a notice of appeal with regards to the denial of his section 2255 petition, which this Court construed as a request for a certificate of appealability. The request was denied. The Seventh Circuit also denied the request for a certificate of appealability. Best filed a writ of *certiorari* with the Supreme Court on November 18, 2003, and it was denied on February 23, 2004.

Best filed a second section 2255 petition on June 13, 2005.

2

This Court dismissed the petition for lack of jurisdiction because Best did not receive permission from the Seventh Circuit to file a second collateral attack. Best then petitioned the Seventh Circuit for leave to file a second collateral attack, and that request was denied on March 28, 2006.

On December 23, 2009, Best again filed an application with the Seventh Circuit for an order authorizing the district court to consider a second or successive petition for collateral review. Best's application was rejected on January 13, 2010.

Six months later, without obtaining leave from the Seventh Circuit to file a second or successive collateral attack, Best filed the instant motion. In this motion, Best claims "fraud on the court," and makes the very same allegations contained in his December 2009 application. His allegations are based on his belief that Judge Julie Cantrell never approved the state search warrant for 798 Porter Street, the location that was the focus of the conspiracy conviction. Best further alleges that a local police officer, an FBI agent and the prosecutor conspired to forge documents and signatures, including the search warrant. The Government filed a response to this motion on July 20, 2010. Best filed a reply on August 30, 2010. As such, the motion is ripe for adjudication.

DISCUSSION

The text of Federal Rule of Civil Procedure 60(d) provides:

> **Other Powers to Grant Relief**. This rule does not limit a court's power to:
>
> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
>
> (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
>
> (3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d). Action under Rule 60(d) for "fraud on the court" exist to protect the integrity of the judicial process, and there is no time limit on such actions. *See Study v. U.S.*, 1:10-cv-0153-WTL-DML, 2010 WL 1881947, *2 (S.D. Ind. 2010).

In addressing a Rule 60 motion, this Court must first determine whether it has jurisdiction to entertain the motion. Under certain circumstances, a Rule 60 motion must be treated as a successive habeas petition. *See Dunlap v. Litscher*, 301 F.3d 873, 875 (7th Cir. 2002); *Harris v. Cotton*, 296 F.3d 578, 579-80 (7th Cir. 2002) (citations omitted) ("Prisoners are not allowed to avoid the restrictions that Congress has placed on collateral attacks on their convictions . . . by styling their collateral attacks as motions for reconsideration under Rule 60(b)."). If a Rule 60 motion is in effect a second or successive petition, a district court lacks jurisdiction to consider it unless the court of appeals has granted the petitioner permission to file such a petition. *See*

4

28 U.S.C. § 2255; *Dunlap*, 301 F.3d at 875 (explaining how 28 U.S.C. section 2255, paragraph 8, is "clear and bar[s] a district court from using Rule 60(b) to give a prisoner broader relief from a judgment rendered by the court in the prisoner's [2255] proceeding.").

The Government argues that this motion is a successive habeas petition, and should therefore be dismissed for lack of jurisdiction. Best cites *Gonzalez v. Crosby*, 545 U.S. 524 (2005), as a basis for permitting him to seek relief under Rule 60(d). In *Gonzalez*, the Court held that a motion under Rule 60(b) containing certain claims, such as when a petitioner claims that a subsequent change in substantive law is a reason justifying relief from a previous denial of a claim, "is, if not in substance, a 'habeas corpus application,' at least similar enough that failing to subject it to AEDPA's restrictions on successive habeas petitions would be 'inconsistent with' [2254]." *Id.* at 531. In making that finding, the Supreme Court approved the holdings of the Seventh Circuit and its sister circuits in cases such as *Dunlap v. Litscher*, 301 F.3d at 876. However, *Gonzales* also recognized that certain issues presented in Rule 60(b) motions should not be construed as successive petitions. *Gonzales*, 545 U.S. at 531-32; *see also Dunlap*, 301 F.3d at 876 ("It is only when Rule 60(b) conflicts with AEDPA that it is unavailable to a prisoner . . . [not when, for example,] the state procured dismissal of a

prisoner's first federal habeas corpus proceeding by making fraudulent representations to the district court . . . .").

Whether a Rule 60(b) motion is properly considered a successive petition hinges on whether the arguments presented in the motion constitute a "claim," as the term claim is used in section 2244(b). The Court determined that a petitioner brings a "claim" when his motion "attacks the federal court's previous resolution of a claim *on the merits*." *Gonzales*, 545 U.S. at 532 (emphasis in original). The Court distinguished the case where a Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings." *Id.* In those cases (where no "claim" is presented), "there is no basis for contending that the Rule 60(b) motion should be treated like a habeas petition." *Id.* "If neither the motion itself nor the judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed on its own terms creates no inconsistency with the habeas statute or rules." *Id.*

*Gonzalez*'s reasoning has been extended to section 2255 motions which implicate similar concerns of successiveness. *See United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005). The reasoning of *Gonzalez* has also been utilized in examining motions pursuant to 60(d). *See Bewig v. United States*, No. 4:05 CV 635 CDP, 2010 WL 4177452 (E.D. Mo. Oct. 20, 2010). Therefore, where a motion

challenges a perceived "defect in the integrity of the proceedings" under section 2255, a Rule 60 motion is appropriate.

In this case, although Best tries to characterize his motion as challenging the integrity of the judicial proceedings, the arguments made in the current motion attack the substance of his conviction, and were already advanced by Best in his motion for new trial filed while his first section 2255 petition was still pending. Best is not alleging a defect in the federal habeas proceedings or even a defect in the proceedings surrounding his motion for a new trial; rather, Best alleges a defect in the underlying criminal prosecution itself. *United States v. Head*, No. 02-75(1) ADM/RLE, 2010 WL 2545857, at *1 (D. Minn. June 21, 2010) (treating motions under both Rule 60(b)(3) and 60(d)(3) as successive habeas motions requiring prior approval from court of appeals, and noting that the petitioner alleged defects in the proceedings of the underlying trial and the *Gonzales* exception therefore did not apply).

Best's Rule 60(d) motion attempts to repeat the same substantive arguments made in his motion for new trial; an argument this Court properly rejected. As a result, Best's Rule 60(d) motion raises a claim for relief rather than a challenge to defects in a prior collateral review proceeding. Best's motion must be treated as a successive section 2255 motion. Best was required to seek authorization from the Seventh Circuit prior to filing this

7

motion.  Best did seek authorization to raise the issue raised in the instant motion in the form of a successive 2255 petition, and his request was denied.  This Court lacks jurisdiction to entertain this motion without authorization from the Seventh Circuit.  Accordingly, Best's Rule 60(d) motion is dismissed for lack of jurisdiction.

The Government requests that this Court order Best to stop filing motions unless approved directly by this Court.  The Court declines to do so at this time, but Best is warned that, if filings such as this continue, the Court will consider issuing such an order.

CONCLUSION

For the aforementioned reasons, the motion titled "Fraud on the Court Under Rule 60(d)(3)" is **DISMISSED** for lack of jurisdiction.

DATED: November 12, 2010        /s/ RUDY LOZANO, Judge
                                **United States District Court**