**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:99-CR-189 |
| ) | |
| DENNIS D. BEST, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court *sua sponte* (DE # 215) and on the Motion Seeking Modification of Sentence Based Upon 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, as a result of Amendment 782 to the United States Sentencing Guidelines, filed by pro se Petitioner, Dennis Best, on January 30, 2015 (DE #217). For the reasons set forth below, Defendant's requests for a sentencing modification are **DENIED**.

Defendant, Dennis D. Best, was found guilty of conspiracy to possess with the intent to distribute cocaine base. This Court determined that Best was a career offender, and calculated his guideline range as between 360 months to life. Ultimately, Best was sentenced to 360 months incarceration. Defendant has sought reductions under a previous crack cocaine amendment, which this Court denied. (DE ## 154, 192, 194.)

Defendant again believes that he may be entitled to a sentence modification pursuant to 18 U.S.C. section 3582(c)(2) and U.S.S.G. § 1B1.10, as a result of Amendment 782 to the United States Sentencing Guidelines. Upon receiving the instant request, this Court directed the United States Probation Office to provide the Court with a copy of Defendant's original Presentence Report (PSR) (with any addenda, previous updates and/or supplements), along with a current supplement addressing the impact of Amendment 782 upon Defendant's sentence. (*See* DE #215.) The Probation Office filed the sentencing reduction addendum (DE #216) indicating Defendant is not entitled to a reduction of sentence because he was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1. This Court concurs.

Neither § 3582(c)(2) nor Amendment 782 alter Defendant's criminal history category. Best's original criminal history category calculation and resulting sentencing range were based on the fact that he qualified as a career offender under U.S.S.G. § 4B1.1. Because at the time of Defendant's sentencing he was determined to be a career offender pursuant to U.S.S.G. § 4B1.1, his advisory guideline calculation was not based on the "crack" guidelines in place at the time of sentencing, but based on the career offender guidelines. Therefore, Defendant did not benefit from the November 1, 2011 "crack" amendment, and also does not benefit from Amendment 782. *See United States v. Griffin*, 652 F.3d

793, 803 (7th Cir. 2011) (finding crack amendments do not apply when advisory guideline is based on career offender status); *United States v. Lovett*, 550 Fed. Appx. 334, 335 (7th Cir. 2014) (finding where sentencing range was based on career-offender guideline, and amendment left that guideline untouched, there was no basis for a reduced sentence).

In sum, Defendant is not eligible for a reduction under § 3582(c)(2), pursuant to Amendment 782 of the United States Sentencing Guidelines.

**DATED: June 9, 2015**  **/s/RUDY LOZANO, Judge**
**United States District Court**