UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DENNIS D. BEST | ) | |
| | ) | |
| v. | ) | No. 2:16 CV 198 |
| | ) | (arising from No. 2:99 CR 189) |
| UNITED STATES OF AMERICA | ) | |

## OPINION and ORDER

Dennis Best has filed a motion (DE # 227) challenging his sentence pursuant to 28 U.S.C. § 2255. For the reasons identified below, Best's motion will be granted.

I.  BACKGROUND

On July 13, 2000, Best was sentenced to 360 months imprisonment and eight years of supervised release after he was convicted by a jury of one count of conspiracy to possess with the intent to distribute cocaine, pursuant to 21 U.S.C. § 846. Best's guideline range was calculated under USSG § 2D1.1, with an enhancement for two prior felony convictions for "crimes of violence," defined by reference to the career offender guideline, § 4B1.2(a), increasing the guideline range from 188 - 235 months imprisonment, to 360 months - life. The court sentenced Best as a career offender based, in part, on Best's 1998 conviction for dealing in a sawed-off shotgun.

A defendant who is convicted of conspiracy to possess with the intent to distribute cocaine is subject to an increase in base offense level and criminal history category if he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1. Based on the court's conclusion that Best's conviction for dealing in a sawed-off shotgun was a "crime of violence" under §

4B1.2(a)(2)'s residual clause, his base offense level was increased from 32 under § 2D1.1 to 37 under § 4B1.1, and his criminal history category was elevated from a V to a VI. With the enhancement, Best's guideline range was 360 months to life. Without the enhancement, Best's guideline range would have been 188 - 235 months. *See* Pre-Sentence Investigation Report at ¶¶ 95, 109.

In May 2019, this court granted Best's motion for a sentence reduction pursuant to Section 404 of the First Step Act of 2018, H.R. 5682, 115th Cong. (Dec. 21, 2018). (DE # 267.) The court found that, under the retroactive amendments to the guidelines, Best's advisory guideline range is 262 - 327 months imprisonment. The court reduced Best's sentence to 262 months imprisonment, followed by a reduced term of supervised release of six years. (*Id.*) However, this reduced sentence continued to reflect Best's status as a career offender under USSG § 4B1.1.

Best has filed a motion to vacate pursuant to, and within one year of, the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Best argues that, because the residual clause of the mandatory guidelines is void for vagueness and this ruling was retroactively applicable, his prior conviction for dealing in a sawed-off shotgun does not qualify as a predicate offense under USSG § 4B1.1, and he may no longer be sentenced as a career offender. Best's present, successive motion to vacate was authorized by the Seventh Circuit in *Best v. United States*, No. 15-2417 (7th Cir. Aug. 5, 2015).

## II. LEGAL STANDARD

Section 2255 allows a person convicted of a federal crime to seek to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255. This relief is available only in limited circumstances, such as where an error is of jurisdictional or constitutional magnitude, or where there has been an error of law that "constitutes a fundamental defect which results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (internal citation and quotation marks omitted).

## III. DISCUSSION

Fifteen years after Best was sentenced, the Supreme Court held in *Johnson v. United States*, 135 S.Ct. 2551 (2015) that the residual clause in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) was void for vagueness. The residual clause in § 4B1.2, under which Best was sentenced, was materially identical to the ACCA's void residual clause. In *Cross v. United States*, 892 F.3d 288 (7th Cir. 2018), the Seventh Circuit held that the guideline's residual clause was void for the same reasons identified in *Johnson*, when applied under the mandatory version of the guidelines. The Seventh Circuit deemed this to be a substantive rule that applies retroactively. *Id.* at 307. *See also D'Antoni v. United States*, 916 F.3d 658, 665 (7th Cir. 2019) (applying *Cross* to a successive § 2255 motion).

Best was sentenced under the mandatory guidelines, pre-*United States v. Booker*, 543 U.S. 220 (2005) (abolishing the mandatory nature of the sentencing guidelines and rendering them advisory). Thus, pursuant to *Cross*, his conviction for dealing in a

3

sawed-off shotgun may not be used as a predicate crime of violence under the residual clause to invoke the career offender sentencing enhancement.

At the time of Best's original sentencing hearing on July 11, 2000, the court found Best responsible for 21.8 grams of crack cocaine. Under the 2000 version of the sentencing guidelines, this drug quantity resulted in a base offense level of 28. Best also received a two level increase for being an organizer, manager, or supervisor of less than five participants and another two level increase for obstruction of justice. As a result, Best's original total offense level would have been 32 if not for the court's determination that he was a career offender, which increased his total offense level to 37. The career offender determination also increased his criminal history category from V to VI.

However, if Best were re-sentenced today, without the career offender enhancement and in light of the retroactive guideline amendments decreasing the penalties for crack cocaine offenses, his base offense level would be reduced from 28 to 20. With the two level increase for being an organizer, manager, or supervisor of less than five participants and another two level increase for obstructing justice, his total offense level would be 24 and his criminal history category would be V. This would result in an advisory guideline range of 92 to 115 months imprisonment.

Best has been in custody and earning sentencing credit on this case since December 1999. Therefore, Best has already served over 235 months imprisonment which is 120 months above what his advisory guideline range would be, if re-sentenced.

In light of *Cross*, Best is entitled to re-sentencing. However, Best has already

4

served a longer term than the high end of the revised guideline range, and he requests that his sentence be altered to time served and that he be immediately released from custody. (DE # 266 at 4.) Section 2255 empowers a court to "discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). This Court finds no compelling reason to hold a re-sentencing hearing, especially in light of Best's implicit waiver of such a hearing in his request that the sentence be corrected to time served.

## IV. CONCLUSION

For these reasons, the court **GRANTS** Best's motion to vacate (DE # 227).

**IT IS ORDERED** that petitioner Dennis Best's previously-imposed sentence, as reflected in the judgment entered July 13, 2000, and amended on May 24, 2019, is **CORRECTED** to impose a sentence of incarceration of time served. Except as provided herein, all provisions of the original judgment entered on July 13, 2000, and amended on May 24, 2019, shall remain in effect.

This order is effective immediately; however, **RELEASE OF THE DEFENDANT IS STAYED** but only for the time period necessary for the Bureau of Prisons to accomplish the following tasks required by law, which period **MAY NOT EXCEED** ten (10) days from the date this order is entered on the docket: (1) to permit adequate time to collect DNA samples from the defendant (42 U.S.C. § 14135a); (2) to notify victims and witnesses (18 U.S.C. § 3771); (3) where applicable, to notify law enforcement officials of release of a violent offender and notify sex offender registration officials of

release of a sex offender (18 U.S.C. § 4042 (b) & (c)); and (4) where applicable, to review defendant for possible civil commitment as a sexually dangerous person (18 U.S.C. § 4248).

The court **DIRECTS** the Clerk to provide a copy of this order, as well as the Amended Judgment, to the Bureau of Prisons.

SO ORDERED.

Date: July 12, 2019

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT